**HARTWELL EXCAVATING CO., Petitioner,**

v.

**John T. DUNLOP, Secretary of Labor, Respondent.**

**No. 74–3275.**

United States Court of Appeals, Ninth Circuit.

June 18, 1976.

———

Franklin Smith (argued), Sharp, Anderson & Bush, Idaho Falls, Idaho, for petitioner.

Allen H. Feldman (argued), U. S. Dept. of Labor, Washington, D. C., for respondent.

## OPINION

Before CHOY and KENNEDY, Circuit Judges, and NIELSEN,* District Judge.

NIELSEN, District Judge:

Hartwell Excavating Co. ("Hartwell") asks review and reversal of a final order of the Occupational Safety and Health Review Commission ("Commission") finding it guilty of violations of Safety standards promulgated under the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq. (OSHA) allegedly occurring on March 29, 1972 at a sewer construction site near Moore, Idaho.

The facts, as found at the hearing before the administrative law judge, were:

After working hours on March 28, 1972, Compliance Officer Jackson and Idaho Safety Inspector Ryals happened on the construction site, basically consisting of a trench which ran under Highway 93–A and extended on both sides of the road.

The inspectors examined this site briefly and left, deciding to return the next day.

About 8:30 the next morning, the inspectors returned to the site and Jackson presented his credentials to the nearest workman, asking for the foreman in charge. In following the workman's directions, the inspectors necessarily passed along a portion of the 750 foot long trench. During that time, Jackson noted several possible violations of OSHA rules; e. g., lack of proper shoring in the trench and insufficient distance of excavated material from the trench lip. He also took at least one photograph.

At this point Superintendent Louk came up to the inspectors, Jackson presented his credentials and he asked Louk to remove his men from the trench, stating that the trench situation was serious. After the workmen came out of the trench, the inspection continued for about an hour, with Louk accompanying the inspectors.

As a result of the inspection, Hartwell was cited for violations of OSHA safety regulations, which were contested before an administrative law judge, and after review by the Commission appealed to this Court.

Petitioner makes two basic claims: (1) that the inspection was unlawful under Sections 8(a) and (e) of the Act, and (2) that there is not substantial evidence to support the Commission's findings.

Section 8(a) of the Act provides that the compliance officer may enter a worksite upon presentation of appropriate credentials to the owner, operator or agent in charge. It is petitioner's contention that because Jackson conducted a portion of his inspection before presenting his credentials to Louk, the entire inspection is tainted and the evidence gained from it cannot be used.

Petitioner also claims a violation of the so-called "walk-around" provision of the Act contained in § 8(e), providing that a representative of the employer "shall be given an opportunity to accompany the Secretary or his authorized representative during the physical inspection of any workplace . . . for the purpose of aiding such inspection." This claimed violation is also based upon the lapse of time between the initiation of the inspection and the presentation of credentials to Louk.

Petitioner also asserts that § 8(e) was violated by Jackson because of the presence of and aid given by Ryals, the state inspector, claiming that this violates the statutory requirement that the inspection be conducted by an "authorized representative" of the Secretary.

All of these issues were explored at length at the administrative level. The administrative law judge found, in light of the facts adduced at the hearing concerning Jackson's efforts to locate the superintendent, that he had substantially complied with the requirements of §§ 8(a) and (e) and, in addition, found that the presence and acts of Ryals in no way violated § 8(e).

---

* Honorable Leland C. Nielsen, United States District Judge, for the Southern District of California, sitting by designation.

We hold that there was substantial compliance with §§ 8(a) and (e), joining the Fifth and Seventh Circuits in holding that technical violations of the statute, assuming that such violations existed, do not justify any sweeping exclusionary rule in the absence of a showing of substantial prejudice by the petitioner.

In a factual situation very similar to the instant case the Fifth Circuit in *Accu-Namics, Inc. v. Occupational Safety & Health Review Commission,* 515 F.2d 828 (1975), said: "We merely hold that even if the Secretary conducted an illegal inspection (which we assume only for argument's sake), under the circumstances here these violations cannot operate to exclude evidence obtained in that inspection when there is no showing that the employer was prejudiced in any way. . . ." The foregoing language was quoted by the Seventh Circuit in a similar type case, *Chicago Bridge and Iron Company v. Occupational Safety & Health Review Commission,* 535 F.2d 371 (7th Cir. 1976). Petitioner does claim that it was prejudiced by Jackson's failure to strictly follow the statute; however, this is based merely upon a conflict in the testimony as regards the depth of the trench and the composition of the soil in it, which argument does not convince us.

Petitioner's final claim is that the Commission's decision is not supported by substantial evidence; this is based upon the claim that the administrative law judge should have believed the testimony of petitioner's employee, Louk, an experienced excavator, rather than choosing to believe that of Jackson, who was also experienced and knowledgeable. The mere fact that there was contradictory evidence on the crucial issues does not render the government's evidence insubstantial, and a review of the entire record demonstrates that there was, in support of the Commission findings, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . based on the record as a whole." *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

AFFIRMED.

---

ANTHONY M. KENNEDY, Circuit Judge (concurring).

I do not believe that OSHA investigators are free to ignore sections 8(a) and (e) of the Act. Failure to follow these provisions is always prejudicial to the property and privacy rights of businessmen, whether or not it is "prejudicial" in the sense of providing evidence necessary to prove a violation of the Act. However, in this case I believe the investigation complied with sections 8(a) and (e), and thus I concur in the result reached by my brothers.