HOFFMAN CONSTRUCTION
COMPANY, Appellant,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and John T. Dunlop, Secretary of the U. S. Department of Labor, Appellee.

No. 75–1741.

United States Court of Appeals,
Ninth Circuit.

Nov. 1, 1976.

Harry S. Chandler (argued), of Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for appellant.

Marc R. Hillson, Atty. (argued), U. S. Dept. of Labor, Washington, D. C., for appellee.

Before TRASK and GOODWIN, Circuit Judges, and JAMESON,* District Judge.

GOODWIN, Circuit Judge:

Hoffman Construction Co., a subcontractor on the Trojan nuclear power plant at Rainier, Oregon, petitions for the review of an order of the Occupational Safety and Health Review Commission affirming a citation and assessing a penalty for a "serious violation" of the safety standards set forth in the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.

The facts are as follows: While en route to the worksite of another subcontractor, an O.S.H.A. compliance officer noticed ten of Hoffman's men working on an intake structure. One of these men had climbed onto a horizontal beam (called a "whaler"), approximately 40 inches above a scaffold which itself was some 40 feet from the ground. Two other workers were standing on the frame of the structure, and another was kneeling on a 2 × 10 plank. The remaining workmen occupied various places along the structure. All were at least 40

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

feet above the ground. All wore safety belts to which lanyards were connected, but none of these lanyards was attached ("tied-off") to the structure. This omission was the cause of the inspector's concern, and of the citation.

Pursuant to 29 U.S.C. § 658(a) and § 666(j),[1] the Secretary issued a citation to Hoffman for a "serious violation" of 29 C.F.R. § 1926.28(a) (1972), and levied an $850 fine. The duties imposed upon an employer under the Act are derived from 29 U.S.C. § 654:

"(a) Each employer—

(1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;

(2) shall comply with occupational safety and health standards promulgated under this chapter.

"(b) Each employee shall comply with occupational safety and health standards and all rules, regulations, and orders issued pursuant to this chapter which are applicable to his own actions  *  *  *."

## I. THE INSPECTION

Hoffman's first contention is that this inspection was illegal under § 8(a) and 8(e) of the Occupational Safety and Health Act, 29 U.S.C. § 657(a) and (e),[2] because the inspector did not present his credentials to Hoffman's agent in charge before he observed the alleged safety violations. Therefore, Hoffman argues, the evidence discovered in the course of that inspection should have been barred.

This issue is controlled by *Hartwell Excavation Co. v. Dunlop, Secretary of Labor*, 537 F.2d 1071 (9th Cir. 1976). In *Hartwell*, we held that nonprejudicial failures by inspectors to comply with § 8(a) and § 8(e) of the Act do not automatically give rise to an

---

1. 29 U.S.C. § 658:

"(a) If, upon inspection or investigation, the Secretary or his authorized representative believes that an employer has violated a requirement of section 654 of this title, of any standard, rule or order promulgated pursuant to section 655 of this title, or of any regulations prescribed pursuant to this chapter, he shall with reasonable promptness issue a citation to the employer. Each citation shall be in writing and shall describe with particularity the nature of the violation, including a reference to the provision of the chapter, standard, rule, regulation, or order alleged to have been violated. In addition, the citation shall fix a reasonable time for the abatement of the violation. The Secretary may prescribe procedures for the issuance of a notice in lieu of a citation with respect to de minimis violations which have no direct or immediate relationship to safety or health."

29 U.S.C. § 666:

"(j) For purposes of this section, a serious violation shall be deemed to exist in a place of employment if there is a substantial probability that death or serious physical harm could result from a condition which exists, or from one or more practices, means, methods, operations, or processes which have been adopted or are in use, in such place of employment unless the employer did not, and could not with the exercise of reasonable diligence, know of the presence of the violation."

2. 29 U.S.C. § 657(a) and (e), states:

"(a) In order to carry out the purposes of this chapter, the Secretary, upon presenting appropriate credentials to the owner, operator, or agent in charge, is authorized—

(1) to enter without delay and at reasonable times any factory, plant, establishment, construction site, or other area, workplace or environment where work is performed by an employee of an employer; and

(2) to inspect and investigate during regular working hours and at other reasonable times, and within reasonable limits and in a reasonable manner, any such place of employment and all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials therein, and to question privately any such employer, owner, operator, agent or employee.

"  *  *  *

"(e) Subject to regulations issued by the Secretary, a representative of the employer and a representative authorized by his employees shall be given an opportunity to accompany the Secretary or his authorized representative during the physical inspection of any workplace under subsection (a) of this section for the purpose of aiding such inspection. Where there is no authorized employee representative, the Secretary or his authorized representative shall consult with a reasonable number of employees concerning matters of health and safety in the workplace."

29 U.S.C. § 657(a) and (e).

exclusionary rule barring the government's evidence of hazardous violations witnessed by the inspector.

Hoffman has given us no cogent reason for holding otherwise in the case at bar. Although Congress clearly intended to have the safety officers present their credentials to employers before beginning their inspection, Congress did not express an intent to immunize violations discovered before the presentation could be accomplished. We adhere to the reasoning set forth in the *Hartwell* decision and hold that this evidence was properly admitted.

## II. VAGUENESS

■ The appellant's next point is more troublesome. Hoffman argues that the section of the regulation which it was accused of violating is void because it is so vague that no employer can reasonably be advised of the kind of conduct that will or will not result in liability.

The specific regulation Hoffman is accused of violating, and the focus of the challenge for vagueness, reads as follows:

"The employer is responsible for requiring the wearing of appropriate personal protective equipment in all operations where there is an exposure to hazardous conditions *and* where this part indicates the need for using such equipment to reduce the hazards to the employees."
29 C.F.R. § 1926.28(a) (1972) (emphasis supplied).

Three separate opinions by the Commission grapple with the correct interpretation of this regulation as it might apply to the use of safety lanyards. The bottom line seems to be that the need to tie off safety lanyards arises when the need arises. No criteria are offered to evaluate this need. Hoffman contends that this kind of regulation, whatever it may be worth for other safety purposes, is not sufficiently definite and certain to create punitive liability as represented by the fine in this case. We agree.

Liability under 29 C.F.R. § 1926 as then written required proof of three elements: (1) that the employer did not require the wearing of protective equipment; (2) that there was exposure to hazardous conditions; and (3) that Part 1926 of the regulations indicated a need for protective equipment.

The record supports the Commission's finding against Hoffman on the first two elements, but the lead opinion's decision that the tying off of the lanyards was affirmatively required by language elsewhere in Part 1926 sends the reader on a fruitless search.[3]

As an abstract proposition, workmen situated 40 to 50 feet above the ground are probably "exposed to a hazardous condition" absent other safety devices such as guard rails or scaffolding. But nothing in the many subsections of Part 1926 adds to the reader's general intuition that workmen exposed to a height hazard need some protection.[4] The Commission's interpretation of the regulations instructs an employer that a workman should be required to tie off his lanyard when the conditions indicate the need to do so. We agree with the dissenting opinion of Commissioner Moran that the regulation as it then read[5] created no specific standard, a violation of which would give rise to liability. Accordingly, it is not necessary to reach the other points raised by Hoffman.

---

3. The lead opinion relied upon a provision of 29 C.F.R. 1926.104(a), which requires that lanyards, lifelines, and safety belts be used exclusively for safety purposes. See *Secretary of Labor v. Hoffman Construction Co.*, 2 O.S.H.C. 1523 (1975).

4. A concurring opinion at 2 O.S.H.C. 1526 takes the position that the language of 29 C.F.R. 1926.28(a) should be read as follows:

The employer is responsible for requiring the wearing of appropriate personal protective equipment in all operations where there is an exposure to hazardous conditions [as well as] where this part indicates the need for using such equipment to reduce the hazards to the employees."

5. The regulation was redrawn December 16, 1972, after this case arose. The word "or" was substituted for "and." We express no opinion upon the current version.

The Commission's order imposing the fine is reversed.