**Ray MARSHALL, Secretary of Labor, Petitioner,**

v.

**N. L. INDUSTRIES, INC., Appellee.**

**No. 78–2289.**

United States Court of Appeals, Seventh Circuit.

Heard June 7, 1979.

Decided April 7, 1980.

Nancy L. Southard, U. S. Dept. of Labor, Washington, D. C., for petitioner.

S. R. Born, Indianapolis, Ind., for appellee.

Before FAIRCHILD, Chief Judge, CUMMINGS, Circuit Judge, and CAMPBELL, Senior District Judge.*

CUMMINGS, Circuit Judge.

The Secretary of Labor filed this lawsuit on December 27, 1977, alleging that defendant had violated Section 11(c)(1) of the Occupational Safety and Health Act (29 U.S.C. § 660(c)(1))[1] by terminating the employment of Spencer Heard for refusing to work under allegedly unsafe conditions. The Secretary sought *inter alia* back pay with interest for Heard and an injunction against defendant's violations of the Act. On June 30, 1978, the district court granted summary judgment for defendant on the ground that the parties had already submitted the case to an arbitrator, who had ordered Heard's reinstatement but denied

back pay, and that because Heard had returned to work without back pay the arbitrator's award was dispositive. Thereafter the district court denied plaintiff's motion to vacate the summary judgment.

The Secretary appealed and on the day the case was argued, we issued an order stating our tentative conclusion that the arbitration award did not bar plaintiff's action. No. 78–2289, Order of June 7, 1979. Accordingly, we directed the parties to exchange briefs on the issue whether other grounds existed for affirming the judgment of the district court. Supplemental briefs were then filed. On October 15, 1979, we issued a hold order pending the Supreme Court's consideration of *Marshall v. Whirlpool Corp.*, 593 F.2d 715 (6th Cir. 1979), in which the Sixth Circuit had upheld the Secretary's regulation granting employees a right to refuse work when confronted by job conditions that threaten serious injury or death. Relying on the Supreme Court's recent affirmance of that decision in *Whirlpool Corp. v. Marshall*, —— U.S. ——, 100 S.Ct. 883, 63 L.Ed.2d 154, we now reverse the judgment of the district court and remand the case for trial.

When the evidence is construed most favorably for the plaintiff,[2] the record shows that on May 26, 1976, Spencer Heard, an eight-year employee of defendant, was assigned to load lead scrap into a melting kettle at defendant's workplace using a payloader without a windshield or enclosed cab. As Heard began to dump the lead, he observed that the dross covering the molten lead in the kettle had separated from the

---

* Senior District Judge William J. Campbell, Northern District of Illinois, is sitting by designation.

1. Section 11(c)(1) (29 U.S.C. § 660(c)(1)) provides:

   "No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter."

Section 11(c)(2) (29 U.S.C. § 660(c)(2)) provides the Secretary with the authority to institute actions for such discrimination. The Secretary has adopted the regulation in question in this action (see note 8 *infra*) under the rule-making power afforded by the Act in Section 8(g)(2) (29 U.S.C. § 657(g)(2)).

2. Because this appeal is from a summary judgment in defendant's favor, the facts must be viewed in favor of the plaintiff as the party moved against. *Wisconsin Packing Co. v. Indiana Refrigerator Lines, Inc.*, 618 F.2d 441 at 442, (7th Cir. 1980 (*en banc*)); 6 Moore's Federal Practice (2d ed. 1976) ¶ 56.15[3] and cases cited.

side of the pot so that he could see the molten metal underneath. Similar conditions a week earlier had resulted in the molten lead exploding and spraying up toward the cab of the payloader, and Heard had escaped injury on that occasion only because his payloader had been equipped with a windshield and enclosed cab. Believing that since he now lacked that equipment he might be burned on this occasion if such an explosion were to recur, Heard immediately stopped the work. When a supervisor order him to continue with the unprotected payloader, he refused. He was thereafter suspended and ultimately discharged as a result of the incident.

Heard then filed a complaint with the Chicago office of the Occupational Safety and Health Administration (OSHA) alleging that he had been discharged in violation of the anti-discrimination provision of the Act.[3] He also filed a written grievance under the collective bargaining agreement between defendant and the United Steelworkers Union.[4] This grievance was processed through final and binding arbitration. On March 29, 1977, the arbitrator determined that Heard should be reinstated with "unimpaired seniority" but without back pay on the ground that defendant had properly determined that the kettle was not too hot and that the work could proceed safely. Heard subsequently accepted defendant's offer to return to work.

The Secretary later filed this lawsuit arguing that defendant had violated Section 11(c) of the Act as construed in OSHA regulations and seeking a variety of relief, including a permanent injunction against further violations by defendant, back pay and vacation pay for Heard, and the posting of a prescribed notice. On June 20, 1978, the district court granted defendant's motion for summary judgment, finding that the arbitrator's decision precluded further litigation of the case. Although recognizing that in *Alexander v. Gardner-Denver*

*Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147, the Supreme Court found that under Title VII arbitration does not preclude a later court suit, Judge Noland noted an exception to the general rule for cases in which the employee voluntarily waives his right to statutory relief. Judge Noland then held that Heard had accepted the arbitration decision by returning to work without back pay and that this action constituted such a waiver. When on August 2, 1978, Judge Noland denied the Secretary's motion to vacate that judgment, the Secretary brought this appeal.

*Arbitration Award No Bar to Judicial Relief*

■ As noted earlier, we reached a tentative judgment after oral argument that the arbitration award did not bar judicial relief in this case. Our further consideration reconfirms that judgment. As the trial court recognized, the controlling case in deciding this issue is *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147, in which the Supreme Court held that an arbitrator's decision under a collective bargaining agreement to deny relief does not bar a later suit in federal court under Title VII, even if the discrimination question was presented in the arbitration proceedings. That conclusion applies equally well for the Occupational Safety and Health Act. Like Title VII, this legislation was passed to mobilize the resources of the federal government in an effort to eradicate a specific group of problems confronting workers nationwide. See *Whirlpool Corp. v. Marshall*, —— U.S. at ——, 100 S.Ct. at 890. Enacted after the Supreme Court developed its policies encouraging deference to arbitration in a pure collective bargaining context, the OSHA legislation was intended to create a separate and general right of broad social importance existing beyond the parameters of an individual labor agreement and susceptible of full vindication only in a judicial forum. As a result, giving preclusive effect or even re-

---

3. See note 1 *supra*.

4. That provision reads in part:
   "No employee shall be required or permitted by the company to work under unusual conditions that are dangerous to life, limb or health, nor to work on a machine or use other equipment which does not meet normal safety standards."

quiring total deference to an arbitrator's decision in this context would be inconsistent with the statutory purpose. See *Marshall v. General Motors Corp.*, 6 (BNA) OSHC 1200, 1202 (N.D.Ohio 1977); *Brennan v. Alan Wood Steel Co.*, 1975–76 (CCH) OSHD ¶ 20,136 at p. 23,958 n. 5 (E.D.Pa. 1976).[5]

This conclusion seems all the more appropriate since an arbitrator cannot always grant all of the relief sought by the Secretary. For example, an arbitrator cannot order the broad injunctive relief and notice remedies anticipated by the Act and requested in this case. We hasten to add that the inapplicability of a preclusion rule in the OSHA context does not depend on a dispute about such remedies. In particular, that the primary relief sought in this suit is back pay does not, as defendant seems to argue, require any deviation from the general rule. Although the benefit of a judgment awarding back pay relief does inure most directly to the individual employee rather than the larger social purpose, the same could be said about an injunction ordering reinstatement or indeed much of the relief ordinarily sought by the Secretary under Section 11(c)(1). Yet there is little doubt that such relief can provide a sufficient basis for invoking the separate statutory remedy. Indeed, *Gardner-Denver* itself was a private suit filed in protest over a discharge.[6] In short, that the legislation requires that an individual prime the statutory machinery with some personal grievance does not diminish the social value of the subsequent judicial decision granting relief.

*Gardner-Denver* does except from the general rule those cases in which the employee has voluntarily waived his right to judicial relief. As noted, the district court viewed this case as falling within this exception. Yet the exception looks to cases in which the employee and employer have reached a voluntary settlement (see *Marshall v. General Motors Corp., supra*), while *Gardner-Denver* specifically states that the mere submitting of a grievance to arbitration does not itself constitute a waiver. In *Gardner-Denver*, the arbitrator had decided against the grievant. We fail to see why the arbitrator's decision in this case awarding Heard reinstatement but denying the rest of his claim should be treated differently. An employee should not have to refuse reinstatement ordered by an arbitrator and thereby risk losing his job permanently in order to exercise his statutory right to seek judicial relief with all the risks that it may entail. Such a rule would undermine the statutory purpose. Accordingly, short of some other proof that the employee actually intended to waive his statutory right,[7] his acceptance of the benefits of the arbitrator's decision does not preclude his action here.

*The Employee Must Prove Facts Showing Discrimination*

In *Whirlpool Corp.*, the Supreme Court specifically upheld the validity of the Secretary's regulation, which proscribes any

---

**5.** Conversely, since the Supreme Court in *Gardner-Denver* rejected any requirement of an election of remedies, employees would presumably not have to exhaust the arbitration procedures in a collective bargaining agreement before instigating an action under Section 11(c). See *Leone v. Mobil Oil Corp.*, 523 F.2d 1153 (D.C. Cir. 1975) (construing the Fair Labor Standards Act). But see *Barrentine v. Arkansas—Best Freight System, Inc.*, 615 F.2d 1194, (8th Cir. 1980). In 29 C.F.R. § 1977.18, however, the Secretary has adopted a policy of deferring on a case-by-case basis.

**6.** It should be noted that at least one court has found that no private right of action exists under Section 11(c)(1), *Taylor v. Brighton Corp.*, 616 F.2d 256 (6th Cir. 1980), suggesting that Congress viewed Section 11(c) actions as

essentially public actions, fulfilling at least as broad a social role as actions under Title VII, where private suits are common.

**7.** Unaccountably, the district court placed on the plaintiff the burden of proving that Heard's acceptance of the arbitration decision was not a voluntary settlement, although the Supreme Court describes the exception as one of waiver (415 U.S. at 52, 94 S.Ct. at 1021) and Rule 8(c) of the Federal Rules of Civil Procedure specifically lists "waiver" as an affirmative defense. Even assuming, however, that defendant met its burden of production in showing waiver, we conclude that as a matter of law the mere acceptance of a portion of an arbitration award, without more, is insufficient indication of waiver by an employee.

discrimination in response to an employee's good faith refusal to expose himself to conditions he reasonably believes are dangerous.[8] Here, as in the pure labor context, firing an employee for refusing to undertake such work clearly constitutes discrimination. Therefore, for defendant to be liable, the Secretary need prove only that Heard had a reasonable and good faith belief that the conditions leading to his refusal to dump the lead were dangerous and that defendant discharged him for that refusal. If the Secretary can make this showing, the district court should then consider what relief, including the requested back pay, would be appropriate given Heard's current status. To be sure, the Supreme Court itself declined in *Whirlpool Corp.* to determine whether back pay was warranted in that case (—— U.S. at ——, 100 S.Ct. at 894 n. 31), preferring first to remand the case for a determination whether discrimination had occurred.[9] But that decision does not, in our opinion, proscribe back pay as judicially ordered relief. We conclude that back pay is an appropriate remedy for a discriminatory and therefore unlawful discharge. To the extent, therefore, that this case involves a claim of discrimination and a prayer for back pay relief, if is properly before the district court.

8. The regulation reads:
   "However, occasions might arise when an employee is confronted with a choice between not performing assigned tasks or subjecting himself to serious injury or death arising from a hazardous condition at the workplace. If the employee, with no reasonable alternative, refuses in good faith to expose himself to the dangerous condition, he would be protected against subsequent discrimination. The condition causing the employee's apprehension of death or injury must be of such a nature that a reasonable person, under the circumstances then confronting the employee, would conclude that there is a real danger of death or serious injury and that there is insufficient time, due to the urgency of the situation, to eliminate the danger through resort to regular statutory enforcement channels. In addition, in such circumstances, the employee, where possible, must also have sought from his employer, and been unable to obtain, a correction of the dangerous condition." (29 C.F.R. § 1977.-12(b)(2).)

9. The Supreme Court in *Whirlpool Corp.* initially describes the back pay issue as one of

## The Action Is Not Time-Barred

In its supplemental brief, defendant has argued for the first time that the complaint must be dismissed because the Secretary failed to comply with the time limit set in Section 11(c)(3) of the Act (29 U.S.C. § 660(c)(3)). Section 11(c)(3) provides that within 90 days of receiving a complaint from an employee, the Secretary shall notify the complainant of the Secretary's determination whether discrimination has occurred as a result of the employee's exercise of his rights under the Act. Assuming *arguendo* that defendant could invoke as a defense a provision calling for notification of the complainant, the Secretary's implementing regulation has in any event construed this provision as merely directory because instances will of course occur where the 90-day period cannot be met. 29 C.F.R. § 1977.16. The Secretary's interpretations of the Act are entitled to great weight and are controlling if reasonable. *Whirlpool Corp. v. Marshall*, —— U.S. at ——, 100 S.Ct. at 890. Such a view of Section 11(c)(3), meanwhile, clearly serves the remedial purposes of the Act. *Dunlop v. Bechtel Power Co.*, 1978–79 (CCH) OSHD ¶ 22,711 (M.D.La.1979); see also *National Congress of Hispanic American Citizens v.*

"[w]hether the two employees were * * * discriminated against when they were denied pay for the approximately six hours they did not work" as a result of their suspension for refusing to work under unsafe conditions. The opinion then states that "[t]he District Court dismissed the complaint without indicating what *relief* it thought would have been appropriate had it upheld the Secretary's regulation. * * * On remand, the District Court will reach this issue." —— U.S. at ——, 100 S.Ct. at 894 n. 31 (emphasis supplied). We view this note as directing the district court to decide whether any discrimination occurred under the statute and then to consider whether back pay is appropriate relief. The Supreme Court's extensive discussion of the "strike-with-pay" amendments in the legislative history is best understood as referring to a situation in which the employees voluntarily absent themselves from all work as a result of a belief that a particular assignment is dangerous. In such a case, back pay becomes more of a substantive issue, and Congress' hostility to a "strike-with-pay" provision is more germane.

*Usery*, 554 F.2d 1196, 1199–1200 (D.C. Cir. 1977) (construing Section 6(b) of the Act). Such an approach also conserves governmental resources, since it will often be the case, as here, that the Secretary will wish to await the outcome of arbitration before taking the steps required for making a determination and giving notification. See 29 C.F.R. § 1977.18(a)(3) (adopting a policy of deferring to an arbitration award where possible). Finally, since there has been no showing that this delay impeded any settlement negotiations, as defendant has alleged it could, or that defendant was in any other way prejudiced by the Secretary's failure to comply with Section 11(c)(3), the Secretary's failure to meet the 90-day limit should not bar the action here. A similar rule has been adopted for another provision of the Act. See *Marshall v. Western Waterproofing Co.*, 560 F.2d 947, 951–952 (8th Cir. 1977); *Chicago Bridge & Iron Co. v. Occupational Safety & Health Review Comm'n*, 535 F.2d 371, 375–377 (7th Cir. 1976); *Accu-Namics, Inc. v. Occupational Safety & Health Review Comm'n*, 515 F.2d 828, 833–834 (5th Cir. 1975), certiorari denied, 425 U.S. 903, 96 S.Ct. 1492, 47 L.Ed.2d 752 (all construing Section 8(e) of the Act).

Reversed and remanded for trial on the merits.