Robert REICH, Plaintiff,

v.

SYSCO CORP., Defendant.

No. C–1–94–0019.

United States District Court,
S.D. Ohio,
Western Division.

Nov. 8, 1994.

Kenneth Walton, Cleveland, OH, for plaintiff.

Frank Stewart, Cincinnati, OH, for defendant.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon defendant's September 12, 1994, motion for summary judgment (Doc. No. 17). Plaintiff's response to such motion was filed on October 5, 1994 (Doc. No. 22) and defendant's reply, thereto, was filed on October 20, 1994. Defendant asserts that plaintiff has failed to produce any genuine issue of material fact that defendant unlawfully retaliated against employee, Kevin Willis, in violation of the Occupational Safety and Health Act of 1970 (hereinafter, the OSHA Act), § 11(c), 29 U.S.C. § 660(c). Defendant further argues that summary judgment is appropriate because employee Willis has already arbitrated his discharge to receive reinstatement without backpay. For the reasons set forth, *infra,* defendant's motion for summary judgment is denied.

### Arbitration Award No Bar To Judicial Relief[1]

■ The fact that employee Willis first arbitrated his termination to gain reinstatement without backpay does not preclude plaintiff, the Secretary of Labor, from subsequently litigating, in federal court, the question whether defendant, Sysco, discharged employee Willis in violation of § 11(c) of the OSHA Act. In *Alexander v. Gardner–Denver,* the Supreme Court held that "the federal policy favoring arbitration does not estab-

---

1. This court considers the issue whether prior arbitration bars subsequent litigation, despite the fact that both plaintiff and defendant stipulated in the final pretrial order that "[a]n arbitrator's decision under a collective bargaining agreement to deny relief does not bar a later suit in federal court under the Occupational Safety and Health Act." (Doc. No. 26).

lish that an arbitrator's resolution of a contractual claim is dispositive of a statutory claim under Title VII." 415 U.S. 36, 46 n. 6, 94 S.Ct. 1011, 1019 n. 6, 39 L.Ed.2d 147 (1974), *on remand,* 8 Fair Empl.Prac.Cas. (BNA) 1153 (D.Colo.1974), *aff'd,* 519 F.2d 503 (10th Cir.1975), *cert. denied,* 423 U.S. 1058, 96 S.Ct. 793, 46 L.Ed.2d 648 (1976). As enunciated by the Court:

> In submitting his grievance to arbitration, an employee seeks to vindicate his contractual right under a collective bargaining agreement. By contrast, in filing a law suit under Title VII, an employee asserts independent statutory rights accorded by Congress.

*Id.,* 415 U.S. at 50, 94 S.Ct. at 1020. The rationale set forth in *Alexander* is equally applicable to a claim of retaliatory discharge under § 11(c). That is, just as a protected class member has the right to litigate his Title VII claim in federal court, so too does the Secretary of Labor have the statutory right to litigate the question of employee Willis' alleged discriminatory discharge under § 11(c). *See Whirlpool Corp. v. Marshall,* 445 U.S. 1, 8–9, 100 S.Ct. 883, 888–89, 63 L.Ed.2d 154 (1980). The case, *Marshall v. N.L. Indus., Inc.,* is instructive in this regard:

> Enacted after the Supreme Court developed its policies encouraging deference to arbitration in a pure collective bargaining context, the OSHA legislation was intended to create a separate and general right of broad social importance existing beyond the parameters of an individual labor agreement and susceptible of full vindication only in a judicial forum.

618 F.2d 1220, 1222 (7th Cir.1980).

Nor does the *Steelworker's* trilogy speak against one's right to litigate his statutory claim, although having first arbitrated his contractual claim under the applicable collective bargaining agreement. *See United Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80

S.Ct. 1358, 4 L.Ed.2d 1424 (1960). In brief, the trilogy acknowledges the congressional policy favoring the settlement of labor disputes through arbitration and furthers this policy by limiting the court's power to review, on the merits, an arbitration award made with respect to collective bargaining contract issues. *See United Steelworkers v. Warrior & Gulf Navigation,* 363 U.S. at 582, 80 S.Ct. at 1352. The trilogy, however, does not limit a court's power to adjudicate a statutory claim based on rights separate from the contractual rights created under the collective bargaining agreement. *See Id.; Alexander,* 415 U.S. at 50, 94 S.Ct. at 1020. What is more, "[t]he distinctly separate nature of these contractual and statutory rights is not vitiated merely because both were violated as a result of the same factual occurrence." *Alexander,* 415 U.S. at 50, 94 S.Ct. at 1020.

This court, therefore, denies defendant's claim that summary judgment should be granted because employee Willis previously arbitrated his collective bargaining agreement contractual claims.

### *Plaintiff Presents Genuine Issue of Material Fact*

■ This court additionally finds defendant's motion for summary judgment should be denied because plaintiff has produced a genuine issue of material fact as to whether defendant unlawfully retaliated against employee Willis.

The summary judgment procedure under Fed.R.Civ.P. 56 is designed to secure a just, speedy and inexpensive determination of any action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986), *on remand,* 826 F.2d 33 (D.C.Cir. 1987), *cert. den.,* 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988). The court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-

movant's case. *Celotex*, 477 U.S. at 321, 106 S.Ct. at 2552; *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989), *reh'g den.*, (6th Cir. May 25, 1990). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed. R.Civ.P. 56(e). *Guarino*, 980 F.2d at 405. The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970)), *mot. den.*, 480 U.S. 903, 107 S.Ct. 1343, 94 L.Ed.2d 515 (1987), *on remand, summary J. granted, in part*, 1991 WL 186998, 1990 U.S.Dist. LEXIS 19,587 (D.D.C.1990), *recons. den., summ. J. den.*, 1990 WL 605337, 1990 U.S.Dist. LEXIS 19,588 (D.D.C. July 27, 1990). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir.1990), *reh'g den.*, (6th Cir. June 15, 1990).

The parties have stipulated that, during the course of his employment with Sysco, employee Willis made various occupational safety and health complaints with the company and with the Occupational Safety and Health Administration (hereinafter, OSHA) against the company. (Doc. No. 26). Plaintiff avers and presents evidence that Sysco was privy to employee Willis' OSHA-filed complaints and that, as a result of such complaints, OSHA conducted on-site inspections leading to citations being issued against the company. (Doc. No. 1 and 22). Plaintiff further avers and the parties have stipulated that employee Willis was terminated from his employment with Sysco, which was later overturned by an arbitrator. (Doc. No. 22 and 26). These asserted facts, in and of themselves, present the existence of a genuine issue of material fact as to whether plain-tiff has satisfied his *prima facie* case requirements and can establish pretext. *See Zanders v. National R.R. Passenger Corp.*, 898 F.2d 1127 (6th Cir.1990).

Defendant's motion for summary judgment is, hereby, denied.

IT IS SO ORDERED.