502 F.2d 278
 2 O.S.H. Cas.(BNA) 1101, 2 O.S.H. Cas.(BNA) 1236
DALE M. MADDEN CONSTRUCTION, INC., Petitioner,
v.
James D. HODGSON, Secretary of Labor, United States
Department of Labor, et al., Respondent.
 No. 72-1874.
 United States Court of Appeals, Ninth Circuit.
 July 29, 1974, As Modified on Denial of Rehearing Oct. 1, 1974.
 
 Donald McL. Davidson (appeared), of Ferguson & Burdell, Seattle, Wash., for petitioner.
 Stephen F. Eilperin (appeared), for Civ. Div., Dept. of Justice, Washington, D.C., for respondents.
 
 
 1
 Allen H. Sachsel, appellate Counsel (appeared), Occupational Safety and Health Review Comm., Washington, D.C., for intervenor.
 
 OPINION
 
 2
 Before KOELSCH and WALLACE, Circuit Judges, and SKOPIL,[1] District Judge.
 
 SKOPIL, District Judge:
 
 3
 Dale M. Madden Construction, Inc. petitioned for review of a decision of the Occupational Safety and Health Review Commission (Commission) under the Occupational Safety and Health Act of 1970 (Act). 29 U.S.C. 660(a). After we assumed jurisdiction, the Secretary of Labor (Secretary) settled with petitioner through the Department of Justice. The Commission then intervened to oppose the Secretary's motion for approval of the settlement.
 
 THE ACT
 
 4
 This controversy questions the perimeters of the respective powers of the Secretary and of the Commission, which must be determined in light of the legislative history and the provisions of the Act.
 
 
 5
 The Act (29 U.S.C. 651 et seq.) was prompted by Congress' concern about the alarming number of perennial workrelated injuries and illnesses. The Act established a comprehensive program designed to encourage industry to reduce job hazards and improve working conditions. 651.
 
 
 6
 Congressional debate prior to enactment focused upon proposed enforcement systems. The Administration desired segregation of the rule-making, inspection, and adjudication functions. Organized labor wanted them consolidated. A compromise amendment vested the Secretary with the rule-making and inspection powers and created the Commission to adjudicate. See Senate Committee on Labor & Public Welfare, 92d Cong., 1st Sess., Legislative History of the Occupational Safety and Health Act of 1970 (Comm. Print 1971); Cross, The Occupational Safety and Health Act: Much Ado About Something, 3 Loyola L.J. 247 (1972); Moran, A Critique of the Occupational Safety and Health Act of 1970, 67 Nw.U.L.Rev. 200 (1972). The Act was finally adopted in 1970 and became effective in 1971.
 
 
 7
 The structure of the adjudication system is clearly delineated. The Secretary promulgates mandatory safety and health standards. 651(b)(3). He inspects job sites for violations. 657. If they are found, he cites the employer and notifies him of the proposed penalty. 659(a). The employer can challenge either the citation or the proposed penalty by notifying the Secretary, who transmits the matter to the Commission. 659(c). The Commission assigns the case to one of its appointed hearings officers. 661(d). The hearing is governed by 665 of Title 5. Employers, aggrieved employees, and the Secretary are the potential parties. The hearings officer's determination becomes a final order of the Commission unless a commissioner requests review. 661(j). The Commission's final order is to be based on findings of fact and may affirm, modify, or vacate the citation or proposed penalty. 659(c). The employer and the Secretary can obtain review in the U.S. Court of Appeals. The Secretary may also seek enforcement there. 660(b).
 
 FACTS
 
 8
 On July 9, 1971, the Secretary cited Madden Construction for a violation of the Act. The hearings officer found no such violation but was reversed by the Commission, which affirmed the citation and the proposed $650 penalty. After we took jurisdiction, the Secretary agreed to accept $150 in consideration for dismissal of Madden's petition. The Commission opposes that compromise.
 
 ISSUES
 
 9
 Two questions are raised: (I) whether the Act authorizes the Secretary to compromise penalties assessed by Commission order; and (II) whether the Commission may contest such compromises in court.
 
 DISCUSSION
 
 10
 * Enforcement of the Act is the Secretary's responsibility. He has discretion to compromise penalties as a natural incident to his enforcement powers. See Cascade Natural Gas Corp. v. EI Paso Natural Gas Co., 386 U.S. 129, 87 S.Ct. 932, 17 L.Ed.2d 814 (1969). Congress apparently felt that that discretion would be presumed, for the Act contains no provisions explicitly granting the Secretary settlement powers, except perhaps 655(e), which imposes a publication requirement upon that discretion:
 
 
 11
 'Whenever the Secretary . . . grants any exemption or extension of time, or compromises, mitigates, or settles any penalty assessed under this chapter, (he shall publish reasons in the Federal Register).
 
 
 12
 The Commission denies that this section enables the Secretary to compromise penalties. The Commission reasons that 655(e) must refer to authority given the Secretary which is inapplicable here-- the Federal Claims Collection Act, for example (31 U.S.C. 952 et seq.).
 
 
 13
 This interpretation is defeated by considering the Act as a 'harmonious whole'. The Secretary's rule-making and enforcement functions are complementary. He inspects job sites for violations of rules and standards which he has promulgated. If he issues a citation, he had discretion to establish a specific 'proposed penalty' within ceiling limits. He may propose no penalty. Unless the employer challenges the citation or proposed penalty, both become final and subject to the Secretary's enforcement powers. The Commission does not become involved at all unless the employer contests the Secretary's citation or proposed penalty. In that event it may affirm, modify, or vacate the Secretary's actions.
 
 
 14
 Settlements enable the Secretary to expedite administration of the Act. The controlling purpose of the Act is to reduce safety hazards and improve working conditions. After Commission affirmation of his citation, the Secretary may decide that a lesser penalty than that proposed would effectuate that goal. Settlement would eliminate an unnecessary appeal and reduce administrative costs.
 
 
 15
 The Secretary is given jurisdiction over other extraordinary remedies as well. 655(b)(6), (d), and (e). Evidently Congress felt the Secretary could more suitably expedite such matters. Consequently it provides the Secretary, not the Commission, with representation in civil litigation. 663.
 
 
 16
 Leonard v. United States Postal Service, 1 Cir., 489 F.2d 814, is limited to its facts and does not alter our conclusion.
 
 II
 
 17
 The Commission says that, like the National Labor Relations Board and the Federal Trade Commission, it develops public policies in its decisions which it may defend in court. The Commission's identification with those agencies is misplaced. Unlike the NLRB and the FTC, it has neither prosecution nor enforcement powers. Those have been exclusively delegated to the Secretary.
 
 
 18
 Policy making is arguably a byproduct of the Commission's adjudication. But the Act imposes policy-making responsibility upon the Secretary, not the Commission. Whatever 'policies' the Commission establishes are indirect. Only those established by the Secretary are entitled to enforcement and defense in court.
 
 
 19
 FTC v. Dean Foods Company, 384 U.S. 597, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966), cited by the Commission, is limited to its facts. Sampson v. Murray, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974). Brennan v. OSAHRC and Interstate Glass Co., 487 F.2d 438 (8 Cir. 1973), is obviously distinguishable on its facts as well.
 
 
 20
 The administrative structure limits the Commission to adjudication. The Commission has so recognized. Secretary of Labor v. Wetmore and Parman, Inc., OSAHRC Docket No. 221 (Jan. 18, 1973). In Wetmore the Commission questioned its own authority to enhance penalties proposed by the Secretary. It decided it had none. It determined that its impartiality was essential and declined to interfere with the Secretary's prosecutorial function. We generally approve that position.
 
 
 21
 The Commission improperly pursues an expansionist tendency here. It may not contest settlements made by the Secretary. A contrary holding would establish a monstrous precedent.
 
 
 22
 The Secretary's motion for approval of the settlement is granted. The petition for review is dismissed.
 
 
 
 [1]
 Honorable Otto R. Skopil, Jr., United States District Judge, District of Oregon, sitting by designation