**Peter J. BRENNAN, Secretary of Labor, Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Santa Fe Trail Transport Company, Respondents.**

No. 74–1049.

United States Court of Appeals, Tenth Circuit.

Argued Sept. 11, 1974.

Decided Oct. 23, 1974.

Harry R. Silver (Carla A. Hills, Asst. Atty. Gen., Stephen F. Eilperin, Atty., Dept. of Justice, and William J. Kilberg, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Michael H. Levin, Counsel for Appellate Litigation, and Stephen C. Yohay, Asst. Counsel for Appellate Litigation, U. S. Dept. of Labor, of counsel, with him on the brief) for petitioner.

Allen H. Sachsel, Washington, D. C., Appellate Counsel, Occupational Safety and Health Review Commission, for respondent Commission.

Douglas McHendrie and Grant, Shafroth, Toll & McHendrie, Denver, Colo., entered an appearance for respondent Santa Fe Trail Transport Co. and waived the right to file a brief and make oral argument.

Richard C. Hotvedt, E. Carl Uehlein, Jr., and Ira M. Shepard, Washington, D. C., filed a brief for amicus curiae The Great Atlantic and Pacific Tea Co., Inc.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The Occupational Safety and Health Review Commission held that a regulation promulgated by the Secretary of Labor under the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq., was unenforceably vague. As permitted by the Act, the Secretary seeks review of the Commission order. See 29 U.S.C. § 660(b). We reverse.

After a routine inspection, the Secretary cited the employer, respondent Santa Fe Trail Transport Company, for a nonserious violation of 29 U.S.C. § 654 (a)(2). The charge was violation of a regulation, 29 CFR § 1910.151(b), which requires that a person adequately trained in first aid be available at a workplace when there is no medical facility in "near proximity." A penalty of $30 was imposed. Employer contested the citation on the ground that the regulation was impermissibly vague. An Administrative Law Judge of the Commission, after an evidentiary hearing, upheld the regulation, found a violation, and held that no penalty should be assessed because of the "good safety record" of the employer and "the low level of gravity of those violations charged." The matter then went to the Commission, see 29 U.S. C. § 661(i), which in a 2 to 1 decision nullified the regulation.

This case is another episode in the continuing controversy between the Secretary and the Commission over the enforcement of the Act. The record shows no participation by the employer in the Commission's review of the action of its judge. The Great Atlantic & Pacific Tea Company secured permission to, and did, file a brief, as amicus curiae, with the Commission attacking the regulation. In this court the arguments are made by

the Secretary and the Commission. A&P has filed an amicus brief supporting the Commission. Employer has presented a statement adopting "the position" taken by the amicus and has waived the right to file brief and make oral argument.

The Commission is an adjudicatory body with no regulatory powers. See 29 U.S.C. § 661. The Act gives enforcement and regulatory powers to the Secretary. 29 U.S.C. §§ 655, 657, and 658. The problems presented in judicial review of the Commission's actions have been mentioned in numerous court decisions. See Brennan v. Occupational Safety and Health Review Commission, 3 Cir., 502 F.2d 946; Dale M. Madden Construction, Inc. v. Hodgson, 9 Cir., 502 F.2d 278; Brennan v. Southern Contractors Service, 5 Cir., 492 F.2d 498, 499, n. 2; and Brennan v. Occupational Safety and Health Review Commission, 5 Cir., 487 F.2d 230, 232. We decline to enter the dispute between the Secretary and the Commission over their respective powers, duties, and responsibilities under the Act. Congressional, rather than judicial, action is desirable.

■ Although the manner in which the case is presented indicates no more than an effort by two governmental agencies to secure an advisory opinion, employer contested the citation and has not withdrawn that contest. Employer has an interest in the controversy even though it is unwilling to do anything to protect that interest. We have a case or controversy within the purview of the Constitution, Art. III, § 2. See Brennan v. Occupational Safety and Health Commission, 3 Cir., 502 F.2d 946. Accordingly, we turn to the merits.

The purpose of the Act is "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions." 29 U.S.C. § 651 (b). Each employer shall comply with the occupational safety and health standards and with the regulations promulgated by the Secretary. § 654(a)(2). The Secretary shall promulgate as an occupational safety or health standard "any national consensus standard, and any established Federal standard" unless he finds that any such standard would not result in improved safety or health for employees. § 655. Interested parties may object to a proposed standard, § 655(b), and provision is made for temporary variance from a standard, Ibid. The record does not show any objection to the standard when proposed, or request to the Secretary for a variance from the standard.

The standards promulgated appear as Part 1910, 29 CFR. This Part contains occupational safety and health standards which have been found to be "national consensus standards or established Federal standards." 29 CFR § 1910.1(b). Employer is charged with violation of 29 CFR § 1910.151(b) which reads:

"In the absence of an infirmary, clinic, or hospital in near proximity to the workplace which is used for the treatment of all injured employees, a person or persons shall be adequately trained to render first aid. First aid supplies approved by the consulting physician shall be readily available."

The issue is whether the phrase "near proximity" is impermissibly vague.

Respondent Santa Fe is covered by the Act because it is engaged in a business affecting commerce. See 29 U.S.C. § 652(3) and (5). It has over 170 employees at its freight handling terminal in Kansas City, Kansas. The workplace is operated 24 hours a day on a three-shift basis. The employees are engaged in the handling of freight and related activities. No person adequately trained in first aid is provided at the workplace. The facilities available to employees requiring medical assistance are the following with the distance and optimum travel time given as to each:

Providence Hospital—3.25 miles and 7 minutes

Margaret's Hospital—4 miles and 10 minutes

Bethany Hospital—4.1 miles and 10 minutes

A clinic open 8 a. m. to 5 p. m. 5.5 days a week—2 miles and 4 minutes. In addition there is available an ambulance service driven by personnel trained in first aid that could reach the workplace in 4 minutes under optimum conditions. The times given would be substantially increased by adverse traffic or weather conditions. In the period 1968–1971 employees at the workplace sustained 117 reported work-related injuries. In serious accidents causing severe bleeding or breath stoppage first aid, to be effective, must be administered within 3 minutes.

The decision of the Commission, —— OSAHRC ——, pointed out a disparity among the Secretary's area directors in the application of the standard and said:

"Under the circumstances we conclude that the standard can be applied at the whim of local area directors, that it does not convey a sufficiently definite warning, and that it is unenforceable for being unreasonable by virtue of its vagueness."

The dissenting Commissioner commented that "[f]requently, a standard must have sufficient latitude to encompass various employers with their own peculiar locations and circumstances," and said:

"It is improper for the Commission to 'void' a standard which has been duly adopted at the express direction of the Congress and which has a valid purpose consistent with the overall intent of the Act."

██ A statute which is so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates due process. Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322. This rule applies to regulations. See Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed. 367. We are not concerned with the definition of a crime or with an inhibition on the exercise of First Amendment rights. Cases presenting those problems are not controlling here.

See e. g. Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (antinoise ordinance); Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (vagrancy ordinance); Ashton v. Kentucky, 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed.2d 469 (criminal libel); Cox v. Louisiana, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (picketing); and Connally v. General Construction Company, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (state minimum wage law).

██ We are considering a regulation promulgated pursuant to remedial civil legislation, Ryder Truck Lines, Inc. v. Brennan, 5 Cir., 497 F.2d 230, 233, and must do so "in the light of the conduct to which it is applied." United States v. National Dairy Corp., 372 U.S. 29, 36, 83 S.Ct. 594, 600, 9 L.Ed.2d 561. The question is whether the regulation "delineates its reach in words of common understanding." Cameron v. Johnson, 390 U.S. 611, 616, 88 S.Ct. 1335, 1338, 20 L.Ed.2d 182. A permissible "leeway" is allowed in the field of regulatory statutes governing business activities in narrow categories. Papachristou, 405 U.S. at 162, 92 S.Ct. 839.

The phrase "near proximity" is redundant but emphasizes the desirability of prompt assistance when an injury occurs. Any specific delineation would present a myriad of complications. A workplace can be in either an urban or a rural area. Geographical distance differs from travel distance. Travel time depends on traffic and weather. The injury rate is related to size of the work force and the nature of the work done. No forecast can be made of the incidence of injuries which require immediate aid.

██ The standard furthers the objectives of the Act. The statement in 29 CFR § 1910.1(b) that the standards are "national consensus standards or established Federal standards" is not contested on this appeal. The Constitution does not require impossible standards. United States v. Petrillo, 332 U.S. 1, 7–8, 67 S.Ct. 1538, 91 L.Ed. 1877.

██ The Commission made no effort to apply the standard to the facts of the

proceeding before it. Instead it considered the problem as an abstraction of which it did not approve. A standard designed to protect workers by provision for prompt treatment of injuries requires flexibility rather than specificity. The standard furthers the intent of the Act by recognizing "a common social duty," see Cline v. Frink Dairy Company, 274 U.S. 445, 464, 47 S.Ct. 681, 71 L.Ed. 1146, governed by the "reasonable man" concept. This test has been applied by the Commission in regard to other standards. See Ryder Truck Lines, Inc. v. Brennan, 5 Cir., 497 F.2d 230, 233. In the light of the facts presented by this record, the application of the standard was reasonable. We decline to consider hypothetical situations where the result might be otherwise.

Reversed.