597 F.2d 246
 7 O.S.H. Cas.(BNA) 1283, 1979 O.S.H.D. (CCH) P 23,514
JENSEN CONSTRUCTION CO. OF OKLAHOMA, INC., Petitioner,
v.
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Ray
Marshall, Secretary of Labor, Respondents.
 No. 77-1459.
 United States Court of Appeals,
Tenth Circuit.
 April 30, 1979.
 
 Denis Y. Reed, Des Moines, Iowa, for petitioner.
 Thomas L. Holzman, Washington, D. C. (Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety and Health, Allen H. Feldman, Acting Counsel for App. Litigation, and James E. White, Regional Sol., Dallas, Tex., on brief), of the U. S. Department of Labor, for respondents.
 Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 Jensen Construction Company seeks review of an order of the Occupational Safety and Health Review Commission finding Jensen guilty of two "serious" violations of 29 C.F.R. § 1926.28(a) and assessing a $600 penalty for each violation. On review Jensen urges two grounds for setting aside and vacating the order of the Commission: (1) the Secretary failed to file a formal complaint within 20 days after receiving notice that Jensen was contesting the two citations previously issued, as required by 29 C.F.R. § 2200.33(a); and (2) the provisions of 29 C.F.R. § 1926.28(a) are impermissibly vague. Neither of these matters warrants setting aside the decision of the Commission, and we affirm its order.
 
 
 2
 The underlying facts in this case are not in dispute. Jensen is a construction company primarily engaged in bridge construction. At the time of the alleged violations, Jensen was in the process of constructing an expressway overpass bridge. At the worksite, Jensen's employees were working on a bridge structure varying in height from 17 to 23 feet above a travelled expressway and adjacent area, and were required during the course of their duties to be at or near the edge of the bridge, and to move or to sit on structural beams. Jensen had furnished no fall protection equipment, such as safety belts or lifelines, to reduce or to eliminate the danger of its workmen falling from the bridge structure onto the expressway or the adjacent dirt area. The company policy of Jensen in this regard was to provide safety belts or lifelines only where the potential fall distance exceeded 25 feet, or at a lesser height, if there were some special hazard, such as a body of water, which would increase the probability that a fall would result in serious injury.
 
 
 3
 The working conditions described above were observed by OSHA inspectors on two separate occasions and resulted in the issuance of two different citations. Jensen filed a timely notice of contest to each citation. The Secretary's formal complaint was not thereafter filed until 48 days after the Secretary had received Jensen's notice of contest. The Secretary's untimely filing of the formal complaint is Jensen's first ground for setting aside the Commission's order.
 
 
 4
 Pertinent provisions concerning the time within which the Secretary shall file a complaint with the Commission are as follows:
 
 
 5
 29 C.F.R. § 2200.33(a)(1). The Secretary shall file a complaint with the Commission no later than 20 days after his receipt of the notice of contest.
 
 
 6
 29 C.F.R. § 2200.5. Requests for extensions of time for the filing of any pleading or document must be received in advance of the date on which the pleading or document is due to be filed.
 
 
 7
 29 C.F.R. § 2200.38. Failure to file any pleading pursuant to these rules when due, may, in the discretion of the Commission or the judge, constitute a waiver of the right to further participation in the proceedings.
 
 
 8
 These regulations require the Secretary to file a complaint no later than 20 days after receipt of the notice of contest. These same regulations, however, vest broad discretion in the Commission or the Administrative Law Judge concerning the consequences to be suffered in the event of a failure to timely file any pleading permitted by such regulations. The Secretary's excuse for the untimely filing of his complaint was an extraordinary caseload. Jensen, on the other hand, attempted to show prejudice as a result of the Secretary's delay in filing. Based on such record, the Judge found no " demonstrated prejudice" and under such circumstances stated that he was disinclined to impose the "extreme sanction" of vacating the citations. In thus excusing the Secretary's untimely filing, the Judge did not, in our view, abuse his discretion.
 
 
 9
 The instant case is distinguishable from Cornell & Co. v. O.S.H.R.C., 573 F.2d 820 (3rd Cir. 1978), where an amendment to a complaint, made some four months after the original filing, alleged a violation unrelated to the original citation. In such circumstance, the Third Circuit justified a dismissal on the ground that the amendment changed both the legal and factual bases for the complaint, and that the four-month delay was the direct cause of the employer's Inability to secure necessary witnesses vital to the company's defense. In the instant case, Jensen made claims of inability to secure necessary witnesses, but the Judge found that Jensen had made no effort to secure the attendance of such witnesses, or to subpoena witnesses who were known to be within the area. The Judge's finding that Jensen did not demonstrate actual prejudice finds support in the record.
 
 
 10
 In this general regard, see also Marshall v. C. F. & I. Steel Corp., 576 F.2d 809 (10th Cir. 1978), where in the context of notice to an employer prior to an OSHA inspection, we held that the sanction of dismissal is tied to a showing of prejudice, particularly where the hazards were of considerable magnitude and such exposure was not limited to minor injuries.
 
 
 11
 In sum, absent a more specific showing that Jensen suffered real prejudice due to the delay of some 28 days, and in light of the potentially serious nature of the offenses, i. e., a fall of some 23 feet onto an expressway which was open to vehicular traffic, the Judge did not abuse his discretion in refusing to dismiss the complaint. See Natl. Industrial Consts. v. O.S.H.R.C., 583 F.2d 1048, 1053 (8th Cir. 1978).
 
 
 12
 The second matter urged here as a ground for setting aside the Commission's order is that the regulation which Jensen allegedly violated is impermissibly vague. That regulation reads as follows:
 
 Personal Protective Equipment
 
 13
 (a) The employer is responsible for requiring the wearing of appropriate personal protective equipment in all operations where there is an exposure to hazardous conditions or where this part indicates the need for using such equipment to reduce the hazards to the employees.
 
 
 14
 Jensen's vagueness argument is based on the use of the word "appropriate" in the regulation set forth immediately above. Counsel argues that "appropriate personal protective equipment" is vague and uncertain in its meaning and leaves an employer at the mercy of OSHA's unbridled discretion.
 
 
 15
 Jensen's vagueness argument is premised primarily on Hoffman Const. Co. v. O.S.H.R.C., 546 F.2d 281 (9th Cir. 1976). That case in our view is not pertinent to the present controversy. In Hoffman the Ninth Circuit was concerned with a predecessor regulation to the present 29 C.F.R. § 1926.28(a). Furthermore, in striking down the regulation under consideration in Hoffman on the ground of vagueness, the Ninth Circuit was not concerned with the language relating to the wearing of "appropriate personal protective equipment." Rather, the basis for the holding was other language appearing in the latter part of the regulation, and this particular language has since been changed by amendment to the regulation.
 
 
 16
 A Tenth Circuit case that sheds light on the instant case is Brennan v. O.S.H.R.C., 505 F.2d 869 (10th Cir. 1974). In Brennan, this Court was concerned with a regulation which required that a person adequately trained in first aid be available at a workplace where there is no medical facility in "near proximity." That regulation was attacked on the ground of impermissible vagueness because of the use of the words "near proximity." The regulation in Brennan was upheld, and the rationale of Brennan strongly suggests that the present regulation should also be upheld.
 
 
 17
 In Brennan, we held that cases concerned with the definition of a crime or with an inhibition of First Amendment rights are not controlling in determining whether an administrative regulation is void for vagueness. In Brennan, we also recognized that an administrative regulation promulgated pursuant to remedial civil legislation must be considered in the light of the conduct to which it is applied, citing United States v. National Dairy Corp., 372 U.S. 29, 36, 83 S.Ct. 594, 9 L.Ed.2d 561 (1962).
 
 
 18
 When the present regulation is viewed in the light of the conduct to which it is sought to be applied, the regulation is not impermissibly vague. See B & B Insulation, Inc. v. O.S.H.R.C., 583 F.2d 1364 (5th Cir. 1978). This is not an instance where Jensen did afford its workmen Some protective equipment, and the question arose as to whether it was appropriate equipment. Rather, Jensen had permitted its employees to work some 17 to 23 feet above a travelled expressway while astride structural beams with No protective equipment whatsoever. There is little doubt that these workmen were exposed to a falling hazard which could have resulted in serious bodily injury, or even death.
 
 
 19
 Order affirmed.
 
 
 20
 McKAY, Circuit Judge, concurs in the result.