**Ray MARSHALL, Secretary of Labor and IMC Chemical Group, Inc., Petitioners,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Local 7–854, Oil, Chemical and Atomic Workers International Union, Respondents.**

**Nos. 79–3018, 79–3041.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 9, 1980.

Decided Dec. 5, 1980.

Richard W. McLaren, Jr., Squire, Sanders & Dempsey, Ronald L. Coleman, Cleveland, Ohio, Carin A. Clauss, Thomas L. Holzman, U. S. Dept. of Labor, Dennis K. Kade, Washington, D. C., Allen H. Feldman, Eric W. Cloud, Dennis K. Kade, Appellate Litigation Section, U. S. Dept. of Labor, Washington, D. C., for petitioners.

Robert Wages, Asst. Gen. Counsel, Oil, Chemical & Atomic Workers, International Union, Denver, Colo., Robert A. Nappi, President, Oil, Chemical & Atomic Workers, International Union Local 7–854, Ashtabula, Ohio, Ron Glancz, Al J. Daniel, Jr., Appellate Section, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for respondents.

Before LIVELY, Circuit Judge, and PHILLIPS and PECK, Senior Circuit Judges.

PHILLIPS, Senior Circuit Judge.

This proceeding involves a dispute between the Secretary of Labor (the Secretary) and the Occupational Safety and Health Review Commission (the Commission) as to their respective roles in the administration of the Occupational Safety and Health Act (OSHA).[1]

The Secretary issued a citation against IMC Chemical Group Inc. (IMC) for alleged OSHA violations. IMC filed a notice to contest. The matter was referred to the Solicitor of Labor to prepare a complaint for filing with the Commission, pursuant to the Commission's Rule 33 (29 C.F.R. § 2200.-33). The Solicitor determined that IMC had not created a hazard to its employees and that no complaint should be filed. The Secretary agreed with the Solicitor that the citation was unwarranted, decided not to file a complaint, and filed a motion with the Commission to vacate the citation. The Secretary's motion stated that "at the time and in the matter cited, Respondent has not created a hazard to its employees." Local 7–854 of the Oil, Chemical and Atomic Workers International Union (the Union) wrote a letter objecting to the withdrawal

of the citation. In a decision quoted at note 2, the Administrative Law Judge granted the motion of the Secretary to vacate the citation, holding that the Secretary has the absolute and unconditional right to vacate a citation prior to the filing of a complaint and answer. By a vote of two–to–one, with Commissioner Barnako dissenting, the Commission vacated the decision of the Administrative Law Judge and remanded the matter to him for further proceedings, holding that when the Secretary decides not to prosecute a citation, affected employees or their Union may proceed to prosecute the citation originally issued by the Secretary if they elect party status. Petitions to review were filed by the Secretary and IMC. The two petitions were consolidated for hearing.

The consolidated petitions to review and various motions filed in this court present the following questions:

(1) May the Commission participate as an active party in the Court of Appeals in proceedings initiated by a petition filed by the Secretary to review its decision?

(2) Should the petitions be dismissed on grounds of mootness?

(3) Was the decision of the Commission a final order subject to review by this court?

(4) Prior to the filing of a complaint and answer, can the Commission refuse to permit the Secretary to withdraw a contested citation, over the objection of a Union representing affected employees?

(5) Does the role of the Secretary as prosecutor under OSHA preclude the prosecution of a citation by a labor union representing affected employees when the Secretary decides to withdraw a contested OSHA citation and not to file a complaint?

We answer the first, second and fourth questions in the negative and the third and fifth questions in the affirmative. Accordingly we sustain the petitions to review and reverse the decision of the Commission.

---

1. Public Law 91–596, Dec. 29, 1970, 84 Stat. 1590; Public Law 93–237, § 2(c), Jan. 2, 1974, 87 Stat. 1024; Public Law 95–251, § 2(a), Mar. 27, 1978, 92 Stat. 183, 29 U.S.C. § 651 *et seq.*

## I

The Secretary of Labor filed a motion to remove the Commission as an active party to these proceedings. We grant this motion on authority of the legislative history of OSHA as set forth in detail in *Marshall v. Sun Petroleum Products Co.*, 622 F.2d 1176, 1180–84 (3rd Cir. 1980). After reviewing the applicable language of the statute and the legislative history, the Third Circuit said:

> We therefore conclude that the Review Commission was designed strictly as an independent adjudicator, with no rule-making authority other than for procedural rules for hearings, no direct policy role in administering the Act, and accordingly, no right to independent representation in judicial review procedures before this court.

622 F.2d at 1184.

To like effect, the Ninth Circuit in *Madden Construction Inc. v. Hodgson*, 502 F.2d 278, 280 (9th Cir. 1974), said:

> The Commission says that, like the National Labor Relations Board and the Federal Trade Commission, it develops public policies in its decisions which it may defend in court. The Commission's identification with those agencies is misplaced. Unlike the NLRB and the FTC, it has neither prosecution nor enforcement powers. Those have been exclusively delegated to the Secretary.
>
> Policy making is arguably a by–product of the Commission's adjudication. But the Act imposes policy–making responsibility upon the Secretary, not the Commission. Whatever "policies" the Commission establishes are indirect. Only those established by the Secretary are entitled to enforcement and defense in court.

502 F.2d at 280.

In *Brennan v. Winters Battery Manufacturing Company*, 531 F.2d 317, 324 (6th Cir. 1975), *cert. denied*, 425 U.S. 991, 96 S.Ct. 2202, 48 L.Ed.2d 815 (1976), this court described the Commission as an "independent adjudicatory agency . . . authorized to conduct hearings." The Second Circuit has noted that the Commission is assigned the "relatively limited role of administrative adjudication." *General Electric Company v. Occupational Safety and Health Review Commission*, 583 F.2d 61, 63, n. 3 (2d Cir. 1978). In *Brennan v. Occupational Safety and Health Review Commission*, 505 F.2d 869, 871 (10th Cir. 1974), the Tenth Circuit said that the Commission is "an adjudicating body with no regulatory powers."

■■■ We agree with the Third and Ninth Circuits that the statutory authority of the Commission is confined to its role as an adjudicatory agency and that it has no more right to independent representation in this court in a proceeding initiated by the Secretary to review its decision than a United States District Judge on an appeal from his decision. We respectfully decline to follow *Diamond Roofing v. Occupational Safety and Health Review Commission*, 528 F.2d 645, 648, n. 8 (5th Cir. 1976), and *Brennan v. Gilles & Cotting Co.*, 504 F.2d 1255 (4th Cir. 1974), to the extent that they contain language to the contrary.

Accordingly, the motion to dismiss the Commission as a party to these proceedings is granted.

## II

After petitions to review had been filed in this court by the Secretary and IMC, the Union withdrew its opposition to the motion of the Secretary to vacate the citation. Thereupon the Administrative Law Judge entered an order vacating the Secretary's citation and declaring that the case was terminated.

■■■ The Commission thereupon filed a motion to dismiss the petitions to review on grounds of mootness. Although we have dismissed the Commission as a party in this court, and hold that it had no standing to file the motion to dismiss, we conclude that it is necessary on the record in this proceeding to consider the issue of mootness. The Secretary contends that this controversy is capable of repetition yet would evade review whenever the employees or their Union withdrew their objection after the Sec-

548

retary has filed a petition for review. The Secretary states that the identical issues of the Secretary's right to withdraw a citation, and the asserted right of a Union representing affected employees to prosecute a citation, are pending in other cases now held in abeyance awaiting the decision of this court in the present case. We agree with the Secretary that the controversy is not mooted because this is a question "capable of repetition yet evading review." *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1975); *Marshall v. Local Union 20, International Brotherhood*, 611 F.2d 645, 648 (6th Cir. 1979); *Blankenship v. Secretary of HEW*, 587 F.2d 329, 333 (6th Cir. 1978); *Rubbermaid, Inc. v. FTC*, 575 F.2d 1169, 1172 (6th Cir. 1978); *Big Rivers Electric Corp. v. EPA*, 523 F.2d 16, 19 (6th Cir. 1975), *cert. denied*, 425 U.S. 934, 96 S.Ct. 1663, 48 L.Ed.2d 175 (1976); *Short v. Murphy*, 512 F.2d 374, 376 (6th Cir. 1975).

### III

The Commission also filed a motion to dismiss on the ground that its order was not final and reviewable. On the basis of the record, we conclude that we must dispose of this issue, even though the Commission did not have standing to file the motion to dismiss.

■ The Secretary argues that, although the petition to review is directed to an interlocutory order in the sense that no final disposition is made of the citation, the order *finally* disposed of a vital separable and collateral right claimed by the Secretary—the right to withdraw a citation as the sole prosecutor under OSHA. The order *finally* decided that the Secretary has no right to withdraw a citation nor refrain from filing an OSHA complaint, upon determining that there is insufficient evidence to proceed.

■ It is well settled that the concept of finality for purposes of appellate judicial review is to be given a "practical rather than a technical construction." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949). To like effect see *Abbott Laborato-*

*ries v. Gardner*, 387 U.S. 136, 149–54, 87 S.Ct. 1507, 1515–1518, 18 L.Ed.2d 681 (1967); *Community Broadcasting of Boston, Inc. v. FCC*, 546 F.2d 1022, 1024–25 (D.C. Cir.1976). The collateral order exception to the finality rule allows "immediate appeals from certain orders that do not fully and finally terminate the litigation between the parties." (Footnote omitted). *Community Broadcasting v. FCC, supra*, 546 F.2d at 1024. To fall within this exception, as stated in *Community Broadcasting, supra*, 546 F.2d at 1025:

> The Supreme Court outlined several prerequisites to appeal from an interlocutory order. First, the order must be a final determination of a claim of right "separable from, and collateral to," the rights asserted in the main action. Second, the order must present "a serious and unsettled question," rendering it "too important to be denied review." Finally, an immediate appeal must be necessary to preserve rights that would otherwise be lost on review from final judgment. In conclusion the Court in *Cohen* emphasized that the finality requirement should be given "practical rather than a technical construction." (Footnotes omitted.)

This court has held that the exception applies to orders that are "the final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." *Melamed v. ITT Continental Baking Company*, 534 F.2d 82, 84 (6th Cir. 1976), quoting *Cohen supra*, 337 U.S. at 547, 69 S.Ct. at 1227.

We agree with the Secretary that the right of prosecution or withdrawal of prosecution in the present case, as stated in *Cohen, supra*, 337 U.S. at 546, 69 S.Ct. at 1225, is "separable from, and collateral to" the right asserted in the main action. The issue presented by the petitions to review is whether the Secretary of Labor may exercise prosecutorial discretion to withdraw a contested citation, prior to the filing of a complaint, when the Secretary has determined that there is insufficient evidence to establish a prima facie case of violation of

OSHA. This raises broader issues as to the statutory authority of the Secretary as prosecutor of OSHA citations and as to whether the Secretary may exercise prosecutorial powers over the litigation and settlement of OSHA citations without Commission oversight and intervention. The record indicates that, as a result of the decision of the Commission sought to be reviewed in this proceeding, the Secretary and the Commission are at a deadlock in their disagreement on the scope and extent of their respective responsibilities in the administration of OSHA—a deadlock which can hamper the effective administration of the Act and should be resolved by this court in the public interest.

We conclude that the ruling of the Commission in the present case was a final order with respect to the rights of the Secretary as prosecutor and that the decision of the Commission is ripe for review in the present proceeding. *Cohen, supra,* 337 U.S. 541, 547, 69 S.Ct. 1221, 1227, 93 L.Ed. 1528; *Melamed, supra,* 534 F.2d 82, 84.

## IV

This court and others have examined the scope, purpose and overall operation of the enforcement provisions of OSHA. *See, e. g., Atlas Roofing Co. v. Occupational Safety and Health Review Commission,* 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977), *Brennan v. Winters Battery Manufacturing Company, supra,* 531 F.2d 317 (6th Cir. 1975), *cert. denied,* 425 U.S. 991, 96 S.Ct. 2202, 48 L.Ed.2d 815 (1976).

The duties of the Secretary under OSHA are summarized in his brief as follows:

Section 8(a) of the Act, 29 U.S.C. 657(a), authorizes the Secretary to conduct workplace inspections in order to ensure employer compliance with statutory obligations. See 29 U.S.C. 654(a). Section 9(a), 29 U.S.C. 658(a), directs the Secretary upon inspection or investigation to issue to any noncomplying employer a written administrative citation describing the nature of the alleged violation and the statutory provision or regulation violated. Section 9(a) goes on to

mandate that "[i]n addition, the citation shall fix a reasonable time for the abatement of the violation." For each violation, Section 17, 29 U.S.C. 666, leaves to the Secretary's discretion in most instances whether to propose a penalty; if the Secretary concludes a penalty is appropriate, the penalty amount is determined pursuant to criteria which take into account factors such as the seriousness of the violation, and the employer's history and good faith. These provisions broadly state the mechanism by which the Secretary administers the statute. Section 10 of the Act, 29 U.S.C. 659, prescribes the manner in which disputes arising out of citations are resolved before the Commission. See 29 U.S.C. 651(b)(3).

Section 10(a) provides that unless an employer timely notifies the Secretary it intends to contest a citation, the citation is "deemed a final order of the Commission and not subject to review by any court or agency." Section 10(c) obliges the Secretary, upon the filing of a timely notice, to advise the Commission of the notification; the Commission in turn is directed to "afford an opportunity for a hearing." By timely filing a notice of contest, the cited employer invokes Commission subject matter jurisdiction for carrying out adjudicatory functions under [this] Act. 29 U.S.C. 651(b)(3) The Commission dockets the case and assigns it on an administrative law judge. See 29 U.S.C. 661(d). The Secretary's attorney, the Solicitor of Labor, thereupon reviews the inspection files and other pertinent materials to determine whether to file a complaint before the Commission. If so, a complaint is filed within 20 days of the Secretary's receipt of contest, and an answer is filed by the employer with 15 days after service of the complaint. 29 U.S.C. 663; Commission Rule 29 CFR 2200.33. The complaint and answer are the first legal pleadings filed by the parties before the Commission. Once the complaint and answer are filed, the matter proceeds through an administrative hearing and discretionary Commission review, with judicial appellate review avail-

able thereafter. 29 U.S.C. §§ 659(c), 660(a) and (b), 661(i).

In *Dale M. Madden Construction, Inc. v. Hodgson, supra,* 502 F.2d 278, 280 (9th Cir. 1974), the court said: "Enforcement of the Act is the Secretary's responsibility." To like effect see *International Union v. Occupational Safety and Health Review Commission,* 557 F.2d 607, 610 (7th Cir. 1977); *Brennan v. Occupational Safety and Health Review Commission, supra,* 505 F.2d 869, 871 (10th Cir. 1974).

■ We hold that the Act, by its terms, makes the Secretary the exclusive prosecutor of OSHA violations. It follows that, prior to the filing of a complaint and answer, the Secretary has the right to withdraw a contested citation. We conclude that the decision of the Administrative Law

Judge, dated January 3, 1977, vacating the citation of the Secretary issued in the present case, was correct.[2]

Therefore, the two–to–one decision of the majority of the Commissioners is erroneous and must be reversed.

**V**

■ Since Congress has vested the exclusive prosecutorial responsibility in the Secretary of Labor, the majority decision of the Commission clearly is in error in holding that the Union representing the affected employees can be empowered by the Commission to prosecute the citation when the Secretary has moved to vacate it.

In *Taylor v. Brighton Corporation,* 616 F.2d 256 (6th Cir. 1980), this court held that the Occupational Safety and Health Act

2. The decision of the Administrative Law Judge is as follows:

In lieu of filing a Complaint in these proceedings, the Secretary has filed a motion to vacate Citation number 1 for serious violations, stating that he has no intention of proceeding further with the prosecution of the charge because "Respondent had not created a hazard to its employees" as charged. In response, Local Number 7–854 of the Oil, Chemical, and Atomic International Union has filed what appears to be an objection to the motion, apparently because of arbitration proceedings it initiated against Respondent wherein the union submitted a copy of the Citation in this case as supporting evidence. For the purpose of directly reaching and deciding the question of whether this Commission has the authority to deny the Secretary's motion under the circumstances of this case, I will assume, without deciding, that the union has standing to object to the motion (29 USC 659(c)).

When a Notice of Contest is filed by an employer, jurisdiction over the proceedings is instantly vested in this Commission by operation of law (29 USC 659(c); *Secretary v. FMC Corp.*–Fibers Div., 11 OSAHRC 22 (1974)). With respect to such cases, the Commission, ultimately, is required to issue a final order affirming, modifying, or vacating the Secretary's citation (29 USC 659(c)). Accordingly, the Secretary is said to lack the authority 'unilaterally to withdraw citations that are before this Commission for adjudication (*Secretary v. Molinos De Puerto Rico, Inc.,* 5 OSAHRC 59 (1973)). But this does not mean that the Secretary has no right whatsoever to abandon his enforcement action in such cases.

The Commission has held that the Federal Rules of Civil Procedure apply to motions by the Secretary to vacate Citations (*Secretary v. Molinos De Puerto Rico, Inc.,* supra). Rule 41(a)(1) thereof, as pertinent to this case, provides:

". . . an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal *at any time before service by the adverse party of an answer or of a motion for summary judgment,* whichever first occurs . . ." (Emphasis supplied)

In interpreting the foregoing rule, Federal courts have universally held that the right of a plaintiff to a dismissal of the cause at this particular stage of the proceedings is absolute and unconditioned (The *SCAM Instrument Corp. v. Control Data Corp.,* 458 F.2d 885 (7th Cir., 1972); *Littman v. Bache & Co.,* 252 F.2d 479 (2nd Cir., 1958); *Harvey Aluminum, Inc. et al. v. American Cyanamid Co., et al.,* 203 F.2d 105 (2nd Cir., 1963), cert den. 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383; *Wilson & Co. v. Fremont Cake & Meal Co.,* 83 F.Supp. 900 ([D.C.] 1949)). I concur with such construction of the Rule. As Respondent has filed nothing in this case other than its Notice of Contest, I conclude that I have no choice other than to grant the Secretary's motion.

The Secretary's motion is granted and Citation number 1 for serious violations is vacated with prejudice.

So ORDERED.

/s/ JOSEPH L. CHALK
Judge, OSHRC
Dated: January 3, 1977
Washington, D.C.

(Footnotes omitted.)

does not create a private right of action in favor of employees.

29 U.S.C. § 659(c) authorizes any employee of an employer contesting a citation issued by the Secretary to challenge as unreasonable the period of time fixed in the citation for abatement of the violation. This is the *only* provision in the act authorizing an affected employee to participate in OSHA proceedings before the Commission.

In its decision in *Southern Bell Telephone Co.*[3] the Commission placed the following interpretation upon 29 U.S.C. § 659(c):

> Only the Secretary of Labor is empowered by the Act to issue a citation, and the issuance thereof is left entirely to his discretion as citations are to be issued when the *Secretary or his authorized representative* 'believes' that an employer has violated the Act. 29 U.S.C. § 658(a). This and other sections of the Act show that Congress intended to exclusively bestow all enforcement powers under the Act upon the Secretary.

Although the Act authorizes any employees or representative of employees to "request" an inspection of their employer's worksite if it is believed that a violation of a safety or health standard threatens physical harm or presents an imminent danger, the Secretary need not make an inspection unless he determines that such an alleged violation or danger exists. 29 U.S.C. § 657(f)(1). This provision does not afford employees the right of self–help or judicial review in the event the Secretary does not make an inspection as the result of an employee complaint. If employees cannot force an inspection, they cannot take over the inspection authority, and it therefore seems clear that they cannot force the Secretary to prosecute or take over the prosecution themselves.

Furthermore, only the Secretary can seek enforcement of the Commission's orders, either through a petition for enforcement in a court of appeals (29 U.S.C. § 660(b)), or by issuing a notification of failure to abate. 29 U.S.C. § 659(b). The Secretary may also compromise, mitigate, or settle any penalty assessed under the Act. 29 U.S.C. § 655(e). See *Dale M. Madden Construction, Inc. v. Hodgson*, 502 F.2d 278 (9th Cir. 1974).

Congress has provided in 29 U.S.C. § 659(c) that employees and their representatives can only contest the reasonableness of the abatement period. The contesting of any other part of a citation is only permitted by the employer. We construe the limitation on employee contests as indicating that Congress intended to preclude employees and their representatives from usurping the Secretary's prosecutorial discretion in all other situations. Therefore, we conclude that they have no standing to object to the Secretary's actions in withdrawing a citation in a case.

In the present case, two members of the Commission voted to reverse the Commission's decision in *Southern Bell.* Commissioner Barnako, in his dissenting opinion, stated that he would follow *Southern Bell* in the instant proceeding. We agree with Commissioner Barnako that the above quotation from *Southern Bell* is a correct statement of the applicable law.

29 U.S.C. § 661(f) provides that "unless the Commission has adopted a different rule, its proceedings shall be in accordance with the Federal Rules of Civil Procedure." It is conceded that the Commission had not adopted a specific rule at the time of this action governing the withdrawal of a contested citation. The majority of the Commission applied Fed.R.Civ.P. 41(a)(2). We agree with the dissenting opinion of Commissioner Barnako that Rule 41(a)(1) is controlling.

The majority of the Commission erred in vacating the order of the Administrative Law Judge (quoted in n. 2) and in holding that the Union representing affected employees has a right to elect party status to prosecute a citation issued by the Secretary when the Secretary declines to proceed with the citation or to file a complaint.

**3.** 77 OSAHRC 83/D1, 5 BNA OSHC 1405, SSH OSHC para. 21, 840 (No. 10340, 1977).

This does not mean, however, that affected employees are not authorized to perform a substantial role in the enforcement of the Act. Employees are granted a number of substantive and procedural rights under the statute. 29 U.S.C. § 659(c) authorizes employees or their representatives to file a notice challenging the reasonableness of the time fixed in a contested citation for abatement of the alleged violation. *International Union v. Occupational Health & Safety Review Commission, supra*, 557 F.2d at 610. 29 U.S.C. § 659(c) mandates the Commission to provide in its rules of procedure an opportunity for affected employees or their representatives "to participate as parties" to Commission hearings. The Secretary construes the Act as permitting employees having party status to participate in prehearing discovery and present their own witnesses. 29 U.S.C. § 657(e) authorizes an employee representative to accompany an OSHA inspector during workplace inspections. 29 U.S.C. § 657(f)(1) authorizes an employee to request inspection of a violation of safety or health standards threatening physical harm or imminent danger. 29 U.S.C. § 657(f)(2) gives employees the right to receive a written statement from the Secretary for the final disposition of a case. 29 U.S.C. § 669(a)(6) gives employees the right to request hazard evaluations. 29 U.S.C. § 660(c) protects employees against discharge of discrimination as a result of exercising rights under the Act. *Whirlpool Corp. v. Marshall*, 445 U.S. 1, 100 S.Ct. 883, 63 L.Ed.2d 154 (1980), *aff'g* 593 F.2d 715 (6th Cir. 1979). In that case the Supreme Court said:

> To ensure that this process functions effectively, the Act expressly accords to every employee several rights, the exercise of which may not subject him to discharge or discrimination. An employee is given the right to inform OSHA of an imminently dangerous workplace condition or practice and request that OSHA inspect that condition or practice. 29 U.S.C. § 657(f)(1). He is given a limited right to assist the OSHA inspector in inspecting the workplace, 29 U.S.C. §§ 657(a)(2), (e) and (f)(2), and the right to aid a court in determining whether or not a risk of imminent danger in fact exists. See 29 U.S.C. § 660(c)(1). Finally, an affected employee is given the right to bring an action to compel the Secretary to seek injunctive relief if he believes the Secretary has wrongfully declined to do so. 29 U.S.C. § 662(d). (Footnotes omitted) 445 U.S. at 9–10, 100 S.Ct. at 889.

There is nothing in the Act, however, authorizing affected employees or their representative to prosecute a contested citation if the Secretary elects not to do so.

Accordingly, the consolidated petitions to review are granted and the majority decision of the Review Commission is reversed. No costs are taxed. All parties will bear their own costs in this court.