798 F.2d 469
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The DAYTON POWER AND LIGHT COMPANY, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
BUCKEYE POWER, INC., American Municipal Power, Inc., City of
St. Mary's, Ohio, Intervenors-Respondents.
 No. 84-3542.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1986.
 
 Before KEITH, NELSON and BOGGS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case involves rulings of the Federal Energy Regulatory Commission (FERC) concerning the rates petitioner, Dayton Power and Light Company, may charge for transmitting power. The court's jurisdiction is invoked under 16 U.S.C. Sec. 825(1)(b) (1982).
 
 
 2
 Dayton Power desired to transmit power under its standard rate. Intervenors American Municipal Power-Ohio, Inc. ("Amp-Ohio") and the City of St. Mary's, Ohio ("St. Mary's") issued a complaint to FERC alleging this "standard rate" breached a 1968 agreement, whereby Dayton Power agreed to supply St. Mary's with electric power at a cheaper rate. FERC originally agreed with St. Mary's and issued orders in May and July 1982, whereby Dayton Power must supply St. Mary's power under the 1968 agreement. This court subsequently remanded this case, at FERC's request, so that the FERC could consider Dayton Power's argument concerning the effect of an Ohio "anti-pirating" statute, vis-a-vis Dayton Power's obligation to supply power at the 1968 terms. In December 1983, an ALJ found that Ohio's "anti-pirating" statute permitted Dayton to refuse to provide power under the 1968 agreement. The ALJ ordered St. Mary's complaint to be dismissed and vacated FERC's 1982 orders, he subject to review by the Commission. In February 1984, Dayton Power moved FERC to vacate its orders pending further Commission action. This motion was denied by FERC in April 1984. Dayton Power has appealed this ruling to this court by way of petition for judicial review, and FERC has moved to dismiss the petition on the grounds that Dayton Power is appealing from a non-final order, and has not shown irreparable harm as a result of FERC refusing to vacate its order.
 
 
 3
 We grant FERC's motion to dismiss, believing that this case should be allowed to run its course through FERC. If Dayton Power still feels aggrieved at the conclusion of FERC's decision, it can appeal.
 
 
 4
 The reviewability of non-final orders was recently discussed in Marshall v. Health Review Commission, 635 F.2d 544 (6th Cir.1980). Marshall states: [T[he concept of finality for purposes of 'appellate judicial review is to be given a 'practical rather than a technical construction' ". Id. at 548, (quoting Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546). Practically, the decision below will only be final when the administrative process has completely run its course; when the ALJ's decision has been thoroughly reviewed by the Commission.
 
 
 5
 Next, we must determine whether the Commission's non-final order constitutes a "collateral order" permitting appellate review. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). To fall within the "collateral-order" exception, which allows appellate review of non-final orders:
 
 
 6
 [T]he order must be a final determination of a claim of right "separate from, and collateral to," the rights asserted in the main action. Second, the order must present a "serious and unsettled question," rendering it "too important to be denied review." Finally, an immediate appeal must be necessary to preserve rights that would otherwise be lost on review from a final judgment.
 
 
 7
 Marshall v. Occupational Safety & Health Review Commission, 635 F.2d, 544, 548 (6th Cir. 1980), (quoting Community Broadcasting of Boston, Inc. v. FCC, 546 F.2d 1022, 1025 (D.C.Cir.1976) ).
 
 
 8
 The above views are aptly amplified by Papago Tribal Utility v. FERC, 628 F.2d 235 (D.C.Cir.), cert. denied, 449 U.S. 1061 (1980), which states: "Only when parties face the prospect of irreparable injury, with no practical means of procuring effective relief after the close of the proceeding, might they be entitled to immediate review of a non-final order." Id. at 240.
 
 
 9
 Dayton Power has shown no irreparable injury in the present case. If petitioner prevails, FERC has the power to award retroactive relief to Dayton Power. Accordingly, we dismiss Dayton Power's petition for review.