Edward Lee VANDEHOEF, Petitioner,

v.

NATIONAL TRANSPORTATION SAFETY BOARD, et al., Respondents.

No. 86–2092.

United States Court of Appeals, Tenth Circuit.

June 27, 1988.

J. Scott Hamilton, Broomfield, Colo., for petitioner.

Joseph A. Conte (Peter J. Lynch, Manager, Enforcement Proceedings, and Raymond R. Baca, Atty., with him on the brief), F.A.A., Washington, D.C., for respondents.

Before HOLLOWAY, Chief Judge, and TACHA and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

Edward Lee VandeHoef is a professional balloon pilot who flies a hot air balloon for the Chevron Oil Company in its advertising and promotional programs. VandeHoef has Commercial Pilot Certificate No. 508748665, with a Lighter than Air Free Balloon rating.

On August 23, 1984, the Federal Aviation Administration (FAA) issued an order suspending VandeHoef's certificate for 90 days for violations of the Federal Aviation regulations relating to minimum safe altitudes for flight[1] and careless or reckless operation of his balloon[2] arising out of a balloon flight by VandeHoef over Seattle, Washington.

VandeHoef appealed that administrative order to the National Transportation Safety Board (NTSB) under the administrative review provisions of the Federal Aviation Act of 1958, as amended. 49 U.S.C.App. § 1429(a). The appeal was heard by an Administrative Law Judge (ALJ), who, after two hearings, held that VandeHoef had violated § 91.79(b) and § 91.9 of the Federal Aviation Regulations. However, the ALJ reduced the suspension period to 30 days.

Both VandeHoef and the FAA appealed the decision of the ALJ to the NTSB. The NTSB upheld the ALJ's finding that VandeHoef had violated both regulations, but reinstated the 90–day suspension period originally set by the FAA. A request by VandeHoef that the NTSB reconsider and modify its decision was denied, and VandeHoef now seeks our review of the NTSB's action. We affirm.

As indicated, the ALJ found that VandeHoef violated Sections 91.79(b) and 91.9 in his balloon flight over Seattle, Washington. On appeal, VandeHoef, in his reply brief, concedes that the findings of the ALJ, which were adopted by NTSB, are supported by substantial evidence. Further, VandeHoef does not complain about the fact that the NTSB reinstated the 90–day suspension period originally set by the FAA. Rather, on appeal, VandeHoef urges two grounds for relief: (1) Section 91.79(b) is unconstitutionally vague; and (2) the ALJ in his "Oral Initial Decision and Order" failed to comply with the provisions of 49 C.F.R. § 821.42. We do not agree with either contention.

### I. *Vagueness*

Section 91.79 provides that aircraft (which includes balloons) shall not be operated over a congested area below an altitude of 1,000 feet above the highest obstacle within a horizontal radius of 2,000 feet of the aircraft "[e]xcept when necessary for takeoff or landing." VandeHoef's "vagueness" argument is based solely on the quoted language "[e]xcept when necessary for takeoff or landing." We fail to see the vagueness perceived by VandeHoef. The quoted language is to us understandable English and means what it says.

In *Brennan v. Occupational Safety & Health Review Commission,* 505 F.2d 869 (10th Cir.1974), we held that the term "near proximity" in an administrative regulation was not "impermissibly vague." In so holding we agreed that an administrative regulation which is so vague that persons of common intelligence must necessarily "guess at its meaning" violates due process. The "test," we said in *Brennan,* was whether the regulation "delineated its reach in words of common understanding." *Brennan* at 872 quoting *Cameron v. John-*

1. 14 C.F.R. § 91.79. Minimum safe altitudes; general.

   Except when necessary for take-off or landing, no person may operate an aircraft below the following altitudes:

   (b) Over ... congested areas. Over any congested area of a city, town, or settlement, or over any open air assembly of persons, an altitude of 1,000 feet above the highest ob-

stacle within a horizontal radius of 2,000 feet of the aircraft.

2. 14 C.F.R. § 91.9. Careless or reckless operation.

   No person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another.

*son,* 390 U.S. 611, 616, 88 S.Ct. 1335, 1338, 20 L.Ed.2d 182 (1968). In that same case we recognized that a regulation promulgated pursuant to remedial civil legislation should be considered in the light of the conduct to which it is applied and also observed that cases concerned with a definition of a crime or an inhibition on free speech are not controlling in determining whether an administrative regulation of the type there under consideration is void for vagueness. *See also Jensen Construction Company of Oklahoma v. Occupational Safety & Health Review Commission,* 597 F.2d 246 (10th Cir.1979).

 We summarily reject the suggestion by VandeHoef that his is a "free speech" case. This, in our view, is a regulation promulgated pursuant to remedial civil legislation designed to promote public safety.

## II. *Failure of the ALJ to Comply with 49 C.F.R. § 821.42*

49 C.F.R. § 821.42 reads as follows:
Initial decision by law judge

> (b) Contents. The initial decision shall include a statement of findings and conclusion, and the grounds therefor, upon all material issues of fact, *credibility of witnesses,* law, or discretion presented on the record, the appropriate order and the reasons therefor (emphasis ours).

VandeHoef argues that the ALJ did not set forth in his "Oral Initial Decision and Order" an adequate assessment of his "credibility of witnesses," particularly the expert witness called by both himself and the FAA who testified regarding takeoffs and landings and whether VandeHoef operated his balloon in a generally careful and prudent manner. VandeHoef would have us remand the matter to the ALJ and direct him at this time to make specific findings concerning the credibility of the competing experts. We decline the suggestion.

The ALJ's "Oral Initial Decision and Order" consisted of some 25 pages of the transcript in which he summarized the testimony of all witnesses and found that it was really not in dispute that VandeHoef operated his balloon below the prescribed minimum altitude and that, based on all the evidence, such was not "necessary" for launching or landing. We believe that the ALJ substantially complied with § 821.42. Under that regulation it is not necessary that the ALJ assess the credibility of a witness on a "one to ten" basis.

Order affirmed.